**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEREK AND CONSTANCE LEE CORPORATION, a California corporation, DBA Great River Food, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> KIM SENG COMPANY, <br><br> Defendant - Appellant. | Nos. 08-56440, 08-56513, & 08-56687 <br><br> D.C. No. 2:05-cv-03635-GPS-JTL <br><br> MEMORANDUM[*] |

Appeals from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted July 13, 2010
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jack J. Camp, Senior United States District Judge for the Northern District of Georgia, sitting by designation.

Kim Seng appeals from the district court's entry of an injunction and award of costs to Great River based on Kim Seng's trademark infringement. Great River cross appeals the district court's denial of its motions for profits and attorney fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Kim Seng first argues that the equitable doctrine of laches should bar injunctive relief for Great River. We review for an abuse of discretion the district court's application of factors for determining whether laches should apply. *Internet Specialties West, Inc. v. Milon-Digiorgio Enters., Inc.*, 559 F.3d 985, 991 (9th Cir. 2009). There is a presumption that laches applies in cases where suit is brought outside the statute of limitations. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002). Great River's suit, after a delay of five years, falls outside the applicable statute of limitations.[1]

We must then decide, in light of the presumption, whether Great River's delay in bringing suit was unreasonable and whether Kim Seng was prejudiced by the delay. *See Internet Specialties*, 559 F.3d at 991. Great River's delay was

---

[1]We have considered both the three-year limitations period for fraud as provided in California Civil Procedure Code § 338(d), *see Jarrow,* 304 F.3d at 838, and the four-year limitations period for California trademark infringement as provided in California Business and Professions Code § 17208, *see Internet Specialties*, 559 F.3d at 990 n.2, to be analogous limitations periods for Lanham Act claims. Under either section, Great River's delay of five years falls beyond the applicable statute of limitations.

unreasonable. It knew of Kim Seng's use of the mark for five years and did nothing despite the fact that Kim Seng's sales of Que Huong products expanded significantly.

Nevertheless, Kim Seng must still demonstrate that it was prejudiced by this delay. There are two commonly recognized forms of prejudice in the laches context — evidentiary prejudice and expectations-based prejudice. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001). Kim Seng has not cited any losses of witnesses or evidence that would constitute evidentiary prejudice. *Cf. Danjaq*, 263 F.3d at 955–56 (9th Cir. 2001) (citing deaths of multiple key witnesses and loss of key documents as constituting evidentiary prejudice). Kim Seng has also failed to show that it suffered expectations-based prejudice. Kim Seng offered no evidence that it invested money in advertising its Que Huong mark and it offered very little evidence that there was any public association between its company and the Que Huong brand. The mere fact that Kim Seng's business grew based on the success of the Que Huong brand is insufficient to establish prejudice in the laches context. *Internet Specialties*, 559 F.3d at 991–93. The district court's conclusion that laches did not apply was not an abuse of discretion.

The scope of the district court's injunction is also reviewed for an abuse of discretion. *Internet Specialties*, 559 F.3d at 993. The jury found a likelihood of

confusion regarding the Que Huong mark but no such likelihood regarding the Oldman Que Huong mark. The district court prohibited Kim Seng's use of the Que Huong mark other than in conjunction with the Oldman Que Huong mark. The district court appropriately fashioned the injunction to address the likelihood of confusion in one instance and the lack thereof in the other. The court did not need to permit Kim Seng's use of the Que Huong mark with other modifiers.

Finally, the district judge was within his discretion in granting Great River its costs as it was the prevailing party. The district judge was equally within his discretion in denying Great River profits and attorney fees, as this case did not involve willful or malicious infringement. *See Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003) *and Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405–06 (9th Cir. 1993).

AFFIRMED.